**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 14-CV-23454-KMW

DEL MONTE FRESH PRODUCTION, INC.,

        Plaintiff,

v

TS STAFFING SERVICES INC., d/b/a
CORPORATE RESOURCE SERVICES,

        Defendant.

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Defendant TS Staffing Services, Inc., d/b/a Corporate Resource Services ("TSS")

for its Answer and Affirmative Defenses to the Complaint of Plaintiff Del Monte Fresh

Production, Inc. ("Del Monte"), and Counterclaim, states as follows:

### I.  ANSWER

### NATURE OF THE ACTION, JURISDICTION, VENUE AND PARTIES

1.      Admitted.

3.[sic]  Denied.

4.      TSS is without knowledge and the allegations are therefore denied.

5.      Admitted.

### FACTUAL ALLEGATIONS

6.      TSS is without knowledge and the allegations are therefore denied.

7.      TSS is without knowledge and the allegations are therefore denied.

8.      TSS is without knowledge and the allegations are therefore denied.

9.      TSS admits only that the parties entered into the Contingency Supply Workforce Agreement related to Del Monte's Mulberry, Florida location ("Mulberry Agreement") on January 7, 2014.   TSS is without knowledge as to the remaining allegations, which are therefore denied.

10.      Denied for the reason that the allegation is untrue.  In further answer, TSS states that the Mulberry Agreement speaks for itself.

11.      TSS denies the allegation that it breached the Mulberry Agreement for the reason that the allegation is untrue. In further answer, TSS states that it is without knowledge as to subparts (a) through (f), and the allegations are therefore denied.

12.      TSS denies the allegations of Paragraph 12, and further states that the document referenced therein speaks for itself. In further answer, TSS denies that Sections II or III of the Mulberry Agreement, or any other part of the Mulberry Agreement, entitles Del Monte to the relief that it seeks.

13.      TSS denies that it breached the Mulberry Agreement and/or that Del Monte has suffered in excess of $10 million in compensable damages for the reason that the allegations are untrue.   TSS is without knowledge as to the remaining allegations, which are therefore denied.

## COUNT I

## Breach of Contract

14.      TSS readopts and re-alleges its prior answers to the previous paragraphs as though fully set forth herein.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

15. TSS admits only that the parties entered into the Mulberry Agreement, which document speaks for itself. TSS denies the remaining allegations for the reason that the allegations are untrue.

16. Denied.

17. Denied.

18. All other allegations, including those in the non-numbered "Introduction," are denied.

ACCORDINGLY, TSS respectfully requests that Del Monte's Complaint be dismissed with prejudice and that a judgment of no cause of action be entered in its favor together with costs and attorney fees so wrongfully incurred.

## II.   AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

19. Del Monte has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

20. This action should be dismissed because it was brought in an improper venue.

### THIRD AFFIRMATIVE DEFENSE

21. Del Monte's claims fail because the Mulberry Agreement is not a valid "requirements" contract under Florida law since it lacks, among other things, the requisite exclusivity and thus did not obligate TSS to provide all of Del Monte's requested or required workforce, as alleged.

### FOURTH AFFIRMATIVE DEFENSE

22.     To the extent Plaintiff contends that the Mulberry Agreement contains a provision that obligated TSS to provide Del Monte with its entire requested workforce, any such provision fails for indefiniteness and uncertainty.

### FIFTH AFFIRMATIVE DEFENSE

23.     Del Monte's claim that the Mulberry Agreement obligated TSS to provide to provide Del Monte with its entire requested workforce fails because the agreement fails to recite an adequate quantity term.

### SIXTH AFFIRMATIVE DEFENSE

24.     To the extent Del Monte contends that the Mulberry Agreement contains a provision that obligated TSS to provide Del Monte with its entire requested workforce, any such provision fails for lack of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

25.     To the extent Del Monte contends that the Mulberry Agreement contains a provision that obligated TSS to provide Del Monte with its entire requested workforce, any such provision fails for lack of mutuality. Specifically, as the Mulberry Agreement would not be breached if Del Monte used another staffing company to supply all or a part of its workforce, the agreement may not be interpreted so as to require TSS to supply its entire requested workforce.

### EIGHTH AFFIRMATIVE DEFENSE

26.     TSS's obligations to perform under the Mulberry Agreement were discharged because of frustration, impossibility or impracticability.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

## NINTH AFFIRMATIVE DEFENSE

27.     Del Monte's claims fail because of its own failure to exercise reasonable care in the conduct of its business or in the execution of its obligations under the Mulberry Agreement. Specifically, Del Monte's alleged damages were caused by its decision to delay harvesting the tomato crops in question, and its own mismanagement and inexperience in the tomato growing business.

## TENTH AFFIRMATIVE DEFENSE

28.     Del Monte's claims fail because its alleged damages were caused by other factors beyond TSS's control, including, but not limited to: market factors, Del Monte's mismanagement and inexperience, the poor quality of the tomato crop, shipping problems, and, delays caused by Del Monte.

## ELEVENTH AFFIRMATIVE DEFENSE

29.     Del Monte is barred from relying upon the Indemnification provisions of the Mulberry Agreement for the reason that such provisions are inapplicable.  Del Monte's breach of contract remedies are set forth in the "Damages" section of the Mulberry Agreement, none of which permit it to recover the damages it seeks in this case.

## TWELFTH AFFIRMATIVE DEFENSE

30.     Del Monte's claims are barred, in whole or in part, by the doctrine of waiver.  Specifically, Del Monte's prior acts and omissions are inconsistent with its position in this lawsuit, including, but not limited to, Del Monte's failure to attempt to cover any alleged shortfall in the number of requested workers and supervisors or replace TSS, despite its contemporaneous knowledge of such alleged shortfall and Del Monte's contractual right to take either measure.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

## THIRTEENTH AFFIRMATIVE DEFENSE

31.     By its acts and omissions, Del Monte has consented to and is estopped from complaining about, any alleged acts or omissions of TSS, which acts or omissions TSS denies, and TSS is excused from any liability to Del Monte for any such alleged acts or omissions.  Specifically, despite Del Monte's contemporaneous knowledge of the alleged shortfall in the number of requested workers and supervisors, Del Monte neither attempted to cover any alleged shortfall in the number of requested workers and supervisors nor replace TSS, despite Del Monte's contractual right to take either measure.

## FOURTEENTH AFFIRMATIVE DEFENSE

32.     Del Monte is barred, in whole or in part, from recovery against TSS as a result of Del Monte's failure to mitigate or reasonably attempt to mitigate its damages. Specifically, despite Del Monte's contemporaneous knowledge of the alleged shortfall in the number of requested workers and supervisors, it made no attempt to cover any alleged shortfall in the number of requested workers and supervisors, replace TSS or take any other appropriate or reasonable measures to lessen the impact of TSS's alleged breach of contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

33.     Del Monte's claims are barred, in whole or in part, because TSS's performance was excused as a result of Del Monte's failure to perform a material and considerable part of its duties as required under its contract with TSS, as described in the Counterclaim below.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

## SIXTEENTH AFFIRMATIVE DEFENSE

34.     Del Monte's claim for damages is barred, in whole or in part, by the related doctrines of set-off and recoupment.   Specifically, as alleged in the Counterclaim, below, Del Monte failed to pay TSS's invoices for the work it performed for Del Monte under the Mulberry Agreement.   As a result, TSS is entitled to a set-off in excess of $7,750,000 against Del Monte's damages, if any, or to otherwise recoup its own losses incurred as a result of Del Monte's breach.

## SEVENTEENTH AFFIRMATIVE DEFENSE

35.     Del Monte has failed to join necessary or indispensable parties, including, but not limited to, other staffing services with which it had a contractual or other business relationship.

## EIGHTEENTH AFFIRMATIVE DEFENSE

36.     TSS reserves its rights to supplement or amended its Affirmative Defenses upon discovery of any new information or defenses.

## III.   <u>COUNTERCLAIM</u>

Defendant/Counter-Plaintiff TS Staffing Services, Inc. d/b/a Corporate Resource Services, Inc. ("TSS"), sues Plaintiff/Counter-Defendant Del Monte Fresh Production, Inc. ("Del Monte"), and alleges as follows:

## <u>PARTIES</u>

37.     TSS is a corporation organized and registered under the laws of the State of Texas and has its principal place of business in the State of New York.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

38.     Upon information and belief, Del Monte is a corporation organized and registered under the laws of the State of Delaware and has its principal place of business in Mulberry, Florida.

## JURISDICTION AND VENUE

39.     This is an action for breach of contract.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest, costs and attorney's fees.

40.     All of the conditions precedent to this action have occurred, have been performed, have been waived, or otherwise excused.

## GENERAL ALLEGATIONS

41.     TSS is generally engaged in the temporary staffing business.

42.     TSS and Del Monte have had a long-standing business relationship whereby TSS has provided Del Monte with temporary employees at several of its locations throughout the United States.

43.     On January 7, 2014, TSS and Del Monte entered into a Contingency Supply Workforce Agreement related to Del Monte's Florida locations in Mulberry, Parrish, and Myakka City ("Mulberry Agreement"), a copy of which is attached as Exhibit "A."

44.     The Mulberry Agreement required Del Monte to pay TSS certain agreed upon rates for all temporary employees and related services provided by TSS at Del Monte's Florida locations as set forth in Exhibit A of the agreement.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

45.     Through September 2014, TSS provided temporary employees and related services to Del Monte at these locations fully in compliance with the terms of the Mulberry Agreement.

46.     Del Monte has failed and refused to pay TSS the agreed upon rates for all temporary employees and related services provided by TSS pursuant to the Mulberry Agreement.

47.     Del Monte's current outstanding balance due TSS pursuant to the Mulberry Agreement exceeds $7,750,000, exclusive of interest.

## COUNT I

48.     TSS hereby re-alleges, re-asserts and incorporates by reference the allegations set forth in Paragraphs 37-47 as if fully set forth herein.

49.     Del Monte has breached its obligations pursuant to the Mulberry Agreement by failing and refusing to pay TSS the agreed upon rates for all the temporary employees and related services provided by TSS at Del Monte's Florida locations identified in the agreement.

50.     Del Monte presently owes TSS an amount in excess of $7,750,000, exclusive of accrued interest, for temporary employees and related services provided by TSS pursuant to the Mulberry Agreement.

51.     TSS has incurred or will incur damages as a result of Del Monte's breach of the Mulberry Agreement, including, but not limited to, the amount of its unpaid invoices and lost investment opportunities, as well as its incidental and consequential damages.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

52.     Pursuant to Section X of the Mulberry Agreement, TSS shall also be entitled to an award of reasonable attorneys' fees and costs as a component of its damages.

ACCORDINGLY, TSS respectfully requests judgment against Del Monte for damages in excess of $7,750,000, plus reasonable attorneys' fees, costs, and interest, and for such other and further relief as may be deemed just and proper by this Court.

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
Attorneys for Defendant
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33312
(954) 965-5049 (telephone)
(954) 985-4176 (facsimile)

By:  /s/  Allen M. Levine
        Allen M. Levine
        Florida Bar No. 315419

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 14, 2014, I electronically filed the within and foregoing document with the Clerk of the Court using the CM/ECF system., which will send notice of this filing to the following counsel of record: Carlos M. Sires, Esq., Boies, Schiller & Flexner LLP, 401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, Florida 33301.

BECKER & POLIAKOFF, P.A.

By  /s/  Allen M. Levine
        Allen M. Levine
        Florida Bar No. 315419

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550