UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-CV-23454-KMW

DEL MONTE FRESH PRODUCTION, INC.,

       Plaintiff,

v.

TS STAFFING SERVICES INC., d/b/a
CORPORATE RESOURCE SERVICES,

       Defendant.
_____/

## DEL MONTE'S MOTION FOR FINAL DEFAULT JUDGMENT AND TO DISMISS COUNTERCLAIM WITH PREJUDICE

Plaintiff Del Monte Fresh Production, Inc. ("Del Monte") moves for the entry of a final default judgment against defendant TS Staffing Services Inc.'s ("TSS") and an order dismissing with prejudice TSS's counterclaim, upon the following grounds:

1.    This action arises from TSS's breach of a Contingent Workforce Supply Agreement (the "Agreement") it entered into with Del Monte on January 7, 2014. (A copy of the Agreement is attached to Del Monte's complaint as Exhibit A.) Pursuant to the Agreement, TSS was obligated to provide Del Monte at its tomato farms in Florida with workers and supervisors as requested by Del Monte during the 2013-2014 tomato growing season. TSS breached the Agreement by failing to provide Del Monte with the requested workers and supervisors.

2.    The Agreement provides that TSS shall indemnify Del Monte for "any and all...loss [or] damage...arising or in any way connected with the Services provided pursuant to the Agreement and to pay to Del Monte for all expenses incurred by Del Monte in the event that

[TSS] fails to meet performance requirements or compliance standards as set forth in [the] Agreement...." (Agreement at §§ II, III.)

3.  As a result of the breach, Del Monte incurred losses because it was unable to harvest tomatoes equaling approximately one million 25-pound boxes.  In addition, due to quality issues relating the sale of tomatoes that were untimely harvested, Del Monte suffered the additional loss of over 500,000 25-pound boxes of tomatoes.  (*See* Declaration of Zoltan Pinter, Exhibit 1 hereto.)

4.  As set out in the expert witness report of Patrick F. Gannon filed in this action ("Expert Report"), Del Monte's losses as a result of TSS's breach total $12,802,395.  (Report at p. 3; a copy of the Expert Report is attached as Exhibit A to the Declaration of Zoltan Pinter, which is attached as Exhibit 1 hereto.)

5.  In the Expert Report, Mr. Gannon notes that Del Monte's loss is "subject to a credit of up to approximately $4.1 million of relating to unpaid TSS invoices included in Expenses necessary to generate net tomato revenues." (Report at n.8.)  Del Monte disputes the accuracy of those invoices (including by reason of improper billing, duplicate billing, and lack of backup).  Had it chosen to litigate this action, TSS would have had the burden of establishing its entitlement to any credit against Del Monte's losses and Del Monte and would have litigated the amount, if any, to be credited to TSS pursuant to those invoices.  Del Monte thus does not apply a credit against its net losses of $12,802,395.

6.  In response to Del Monte's complaint, TSS filed an amended counterclaim asserting that Del Monte breached the Agreement and another agreement between the parties.  Del Monte timely responded to the amended counterclaim and denied the alleged breaches.

7.  On March 30, 2015, TSS's counsel moved to withdraw from their representation of TSS in this action.  On April 3, 2015, the Court held a hearing on the motion and issued an order

that, among other things, granted counsel leave to withdraw and ordered that TSS "shall have 45 days from the date of this order to obtain new counsel." [D.E. 34.] Thus, TSS was obligated to retain counsel no later than May 18, 2015. As of that date, no new counsel had made an appearance on behalf of TSS.

8. As the Court noted in its order [D.E. 34], "[a] corporation cannot appear *pro se* and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). A Court may properly enter a default judgment against a corporate defendant that fails to retain new counsel as ordered by the Court. *Mayorga v. Stamp Concrete & Pavers, Inc.*, 2015 WL 1345364 at *2-3 (S.D. Fla. March 23, 2015). Based on the same principle, a Court may properly dismiss with prejudice claims filed by an unrepresented corporation that has failed to retain counsel as directed by the Court. *Love v. Eltan, B.V.*, 2013 WL1996536 at *8 (E.D. Tx. February 21, 2013).

WHEREFORE, Del Monte moves for the entry of a final default judgment against TSS in the sum of $12,802,395, plus pre-judgment interest, costs, post-judgment interest, attorney's fees and all other relief deemed appropriate, and for the dismissal with prejudice of TSS's amended counterclaim.

May 19, 2015                                           Respectfully submitted,

**BOIES, SCHILLER & FLEXNER LLP**
Attorney for Plaintiff

By: /s/ Carlos M. Sires
  Carlos M. Sires, Esq.
  (Florida Bar No. 319333)
  401 East Las Olas Boulevard, Suite 1200
  Fort Lauderdale, Florida 33301
  Telephone: (954) 356-0011
  Facsimile: (954) 356-0022
  csires@bsfllp.com
  ftleserve@bsfllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2015, I caused a true and correct copy of Del Monte's Motion For Final Default Judgment And To Dismiss Counterclaim With Prejudice be served by CM/ECF on all parties listed to receive electronic service for this case and on by Certified Return Receipt U.S. Mail on defendant TS Staffing Services Inc.'s Florida registered agent, NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL  33324.

By: Carlos M. Sires
     Carlos M. Sires, Esq.